UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY BLANK,

                Plaintiff,                     **DECISION AND ORDER**

      v.                                    6:20-cv-06092 EAW

BEAM MACK SALES AND SERVICE, INC.,

                Defendant.
_____

# INTRODUCTION

Plaintiff Jeffrey Blank ("Plaintiff"), a former employee of Defendant Beam Mack Sales and Service, Inc. ("Defendant"), alleges unlawful employment discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 290, *et seq.* (Dkt. 1). Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil 56. (Dkt. 3). Specifically, Defendant asks the Court to dismiss Plaintiff's federal claims as untimely and to decline to exercise supplemental jurisdiction over his state law claims. For the reasons set forth below, the Court denies Defendant's motion.

## BACKGROUND

Plaintiff was employed by Defendant as a service manager from December 1, 2018, until his termination on July 1, 2019. (Dkt. 1 at ¶¶ 21, 44). Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging age, gender, and disability discrimination by Defendant. (*Id*. at ¶ 13). The EEOC issued a Dismissal and Notice of Rights, commonly referred to as a "right-to-sue letter," dated November 8, 2019. (*Id*. at ¶ 15).

In his complaint, Plaintiff alleges that he received the right-to-sue letter by mail, but does not give a date for such receipt. (*Id*.). However, in a declaration submitted in opposition to Defendant's motion, Plaintiff states that he "did not receive any documents by mail directly from the EEOC" and "never received the Dismissal and Notice of Rights from the EEOC." (Dkt. 10-2 at ¶¶ 5-6). Plaintiff's attorney received a copy of the right-to-sue letter by first class mail on November 19, 2019. (Dkt. 10-1 at ¶ 13).

Plaintiff commenced the instant action on February 11, 2020. (Dkt. 1). Defendant filed its motion to dismiss or for summary judgment on May 26, 2020. (Dkt. 3). Plaintiff filed his opposition papers on June 9, 2020 (Dkt. 9; Dkt. 10), and Defendant filed its reply on June 16, 2020 (Dkt. 12).

## DISCUSSION

ADA and ADEA claims must be filed in federal court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e). The 90-day limit is strictly construed. *See Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008) (dismissing plaintiff's claims as untimely where

plaintiff filed complaint 91 days after right-to-sue letter received). Here, the action was commenced on February 11, 2020, which is 95 days from the date of the right-to-sue letter.

"There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice. . . . There is a further presumption that a mailed document is received three days after its mailing." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). Those presumptions can be overcome "by sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." *Id*. (citation omitted).

Here, the right-to-sue letter is dated November 8, 2019. (Dkt. 3-1 at 6). Accordingly, there is a presumption that it was mailed on that date and received by Plaintiff three days later, on November 11, 2019. Plaintiff attempts to overcome this presumption by submission of his declaration stating that he never received a copy of the right-to-letter. However, that assertion is contradicted by the allegations of the complaint, which specifically state that Plaintiff received the right-to-sue letter by mail. (Dkt. 1 at ¶ 15). Moreover, the right-to-sue letter is addressed to Plaintiff at the address he gives in his declaration. (*Compare* Dkt. 3-1 at 6 *with* Dkt. 10-2 at ¶ 1).

Plaintiff's blanket assertion that he did not receive the EEOC right-to-sue letter, without any explanation for why that would be the case or why he stated otherwise in the complaint that he signed, is not alone sufficient to overcome the presumption. *See Isaacson v. New York Organ Donor Network*, 405 F. App'x 552, 553 (2d Cir. 2011) ("There is a presumption in this circuit that a mailed document is received three days after its mailing"

and "mere denial of receipt does not rebut that presumption." (citation omitted and affirming grant of summary judgment where the plaintiff offered no evidence to support claim of nonreceipt "[o]ther than her denial")); *Boyce-Herbert v. New York & Presbyterian Hosp.*, No. 17-CV-01388 AMD SJB, 2020 WL 376788, at *4 (E.D.N.Y. Jan. 23, 2020) ("[A] plaintiff's assertion that she did not receive a properly mailed notice, without more, cannot be a basis for extending or equitably tolling the 90-day requirement."); *Orsaio v. New York State Dep't of Corr. & Cmty. Supervision*, No. 6:17-CV-00685 BKS TWD, 2019 WL 3891085, at *18 (N.D.N.Y. Aug. 19, 2019) ("Plaintiff solely relies on her assertion of nonreceipt and does not describe any circumstances from which the Court could reasonably infer nonreceipt (or delayed receipt), such as a change of residence or other mail delivery issues. . . . Therefore, Plaintiff has not successfully rebutted the mailing and receipt presumptions, and her discrimination claims are time barred.").

However, in this case, there is an additional piece of evidence that Plaintiff has presented—namely, evidence that his attorney did not receive the right-to-sue letter until November 19, 2019. The Second Circuit considered similar facts in *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522 (2d Cir. 1996). There, the right-to-sue letter was dated February 15, 1995, and the plaintiff commenced her action 99 days later, on May 25, 1995. *Id*. at 525. The defendant sought dismissal on timeliness grounds, and the district granted the motion. *Id*. On appeal, the Second Circuit reversed, finding that there was "an issue of fact" as to when the plaintiff had received the letter. In particular, the *Sherlock* court noted that the defendant's counsel had not received its copy of the letter until February 27, 1995, and held that "[t]he fact that . . . one of two addressees, received the letter at least 12 days

after its typewritten date plainly raises a question of fact as to whether [the plaintiff], the other addressee, received it within three days of its typewritten date." *Id*. at 526. The *Sherlock* court specifically noted that "leaving aside the [defense counsel] copy of the letter, the evidence that [the plaintiff] proffered to the district court," which included an affidavit stating that Plaintiff had no recollection of when she received the letter, "was not sufficient to rebut the presumption." *Id*. However, that single piece of evidence (the date defense counsel received the notice) was sufficient to create an issue of fact and render dismissal inappropriate. *Id*.

The facts here are strikingly similar to the facts in *Sherlock*, although it is Plaintiff's counsel, and not defense counsel, that received the right-to-sue letter significantly more than three days after its date. However, the *Sherlock* court expressly noted that a "date-of-receipt notation on the claimant's copy of a right-to-sue letter" could serve as evidence to rebut the presumption if the plaintiff "also presented an affidavit or other admissible evidence of receipt on the noted date." *Id*. at 526. Here, Plaintiff's counsel has submitted a sworn declaration attesting that he received the right-to-sue letter on November 19, 2019, and marked it accordingly. (Dkt. 10-1 at ¶¶ 13, 17). Thus, *Sherlock* compels the Court to conclude that the late receipt of the right-to-sue letter by one of the other addressees creates an issue of fact as to whether Plaintiff received the right-to-sue letter three days after its date. The Court accordingly cannot conclude, at this stage of the proceedings, that Plaintiff's federal claims are untimely as a matter of law. Further, because the Court finds Plaintiff's federal claims are not subject to dismissal, there is no basis for the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss or for summary judgment (Dkt. 3) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 4, 2021
 Rochester, New York